COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Annunziata
Argued at Alexandria, Virginia

WALTER JACK DAVIS

v.         Record No. 0126-95-4      MEMORANDUM OPINION[*] BY
                                     JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                  JANUARY 23, 1996

              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Donald H. Kent, Judge

           Susan L. Korfanty (Office of the Public
           Defender, on briefs), for appellant.

           John H. McLees, Assistant Attorney General
           (James S. Gilmore, III, Attorney General;
           Richard B. Smith, Assistant Attorney General,
           on brief), for appellee.


     On appeal from his conviction of attempted robbery, Walter

Jack Davis contends that the trial court erred (1) in refusing to

permit him to present evidence of his employment at the time of

the offense and (2) in refusing to redact from his record of

conviction the sentences imposed for the prior convictions and

his custody status at the time of the prior conviction.  We find

no error and affirm the judgment of the trial court.

     On August 5, 1994, at approximately 9:35 p.m., Claudia

Melara was crossing a lighted area at the intersection of King

and Payne Streets.  She saw Davis standing across the street

looking at her.  Davis approached Ms. Melara and grabbed her

purse.  She held to the purse tightly because it contained

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

important naturalization papers. Davis pulled her down and dragged her, screaming, up the street.

Michael Hannan and his wife heard Ms. Melara's screams and saw her being dragged. Mr. Hannan ran towards them. Davis saw Mr. Hannan, released Ms. Melara's purse, and ran away.

When the police arrived, both Mr. Hannan and Ms. Melara described Davis as a six-foot tall black man of moderate build, wearing a green sweatshirt. Approximately ten minutes after the attack, Ms. Melara and the Hannans were taken to a location five blocks away from the scene of the crime. The police were there with Davis. Both Ms. Melara and Mr. Hannan immediately identified Davis as the attacker.

Davis first contends that the trial court erred in refusing to allow him to present evidence of his employment at the time of the crime, during the guilt phase of the trial. He argues that evidence of his employment was relevant to show that he had no motive to take Ms. Melara's purse. We disagree. Evidence of Davis's employment at Roy Roger's alone was not relevant to the question of whether he committed the attempted robbery. The fact of his employment was not probative of a motive to rob. We find no abuse of discretion in the trial court's rejection of this evidence.

Davis next contends that his prior sentences and the fact he was in custody at the time of his prior convictions should have been redacted from the conviction orders submitted to the jury

during the sentencing phase of the present trial.  Davis argues that only the fact of conviction, not the sentences imposed, was relevant.  We disagree.

Code § 19.2-295.1 requires the Commonwealth to present evidence of Davis's past criminal convictions by introduction of his record of conviction.  In Virginia, the record of conviction is the trial court's sentencing order.  See Abdo v. Commonwealth, 218 Va. 473, 477-78, 237 S.E.2d 900, 902-03 (1977).  The entire order, including the sentence imposed, is the record of conviction.  Gilliam v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1996).  Thus, the trial court did not err in submitting to the jury Davis's record of conviction in its entirety.

We affirm the judgment of the trial court.

Affirmed.